UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANDRE' MAURICE DENNIS,

               Petitioner,

         -v-                                              9:22-CV-997 (AJB/ML)

D. CHRISTENSEN,

               Respondent.
_____

**APPEARANCES:**                                      **OF COUNSEL:**

ANDRE' MAURICE DENNIS
Petitioner, Pro Se
26128-014
Ray Brook FCI
P.O. Box 900
Ray Brook, NY 12977

HON. JOHN A. SARCONE III                        RANSOM P. REYNOLDS, ESQ.
United States Attorney for                           Assistant United States Attorney
the Northern District of New York
Attorneys for Respondent
100 S. Clinton Street
Syracuse, NY 13261

**Hon. Anthony Brindisi, U.S. District Judge:**

<u>**ORDER ON REPORT & RECOMMENDATION**</u>

      On August 2, 2022, *pro se* petitioner Andre' Maurice Dennis ("petitioner"), an individual in the custody of the Bureau of Prisons ("BOP"), filed this 28 U.S.C. § 2241 petition for a writ of habeas corpus in the U.S. District Court for the District of Connecticut. Dkt. No. 1. Petitioner also moved for leave to proceed *in forma pauperis* ("IFP Application"), Dkt. Nos. 2, 3, and for the appointment of counsel, Dkt. No. 4. Thereafter, the presiding judge denied petitioner's IFP Application, Dkt. No. 7, and petitioner paid the $5.00 filing fee.

On September 6, 2022, the U.S. District Court for the District of Connecticut *sua sponte* ordered the petition transferred to this judicial district. Dkt. No. 9. As the Text Order explained, petitioner's criminal case occurred in the District of Connecticut, but he is presently incarcerated at FCI Ray Brook, a BOP facility located in the Northern District of New York. *Id*. The petition was transferred to this district and assigned to U.S. District Judge David N. Hurd. Dkt. No. 10.

On September 27, 2022, U.S. Magistrate Judge Miroslav Lovric denied without prejudice petitioner's motion for counsel and ordered respondent D. Christensen, the Warden of FCI Ray Brook ("respondent"), to respond to the § 2241 petition. Dkt. No. 11. After some extensions of time, the petition was fully briefed, Dkt. Nos. 21, 24, and reassigned to this Court, Dkt. No. 25.

On April 29, 2025, Judge Lovric advised by Report & Recommendation ("R&R") that the petition be denied and dismissed. Dkt. No. 28. As the R&R explained, the petition claimed that: (1) the BOP had wrongfully denied petitioner credit for the 1,063 days of pre-trial detention he spent in non-federal custody; and (2) petitioner's rights were violated by the BOP's failure to accurately apply First Step Act ("FSA") credits to his sentence. *Id*.

Judge Lovric concluded that he did not need to reach the merits of these claims because petitioner had failed to exhaust his administrative remedies. Dkt. No. 28 at 6. Although Judge Lovric recognized that there are exceptions to this administrative exhaustion requirement, the R&R concluded that petitioner had failed to demonstrate the kind of circumstances that might warrant the application of any of them. *Id*. at 6–7. Alternatively, Judge Lovric recommended that petitioner's FSA-credit claim be denied on the merits because the record established that he was ineligible for that form of relief. *Id*. at 7 & n.4.

Petitioner has lodged objections to Judge Lovric's R&R. Dkt. No. 29. There, petitioner contends that he started the exhaustion process, claims that the BOP knew that he was trying to seek relief, and argues that officials should have taken some further action to assist him. *See id*.

Upon *de novo* review, Judge Lovric's R&R is accepted and will be adopted. *See* 28 U.S.C. § 636(b)(1)(C). Petitioner acknowledged in his reply filing that he had failed to obtain the so-called "B-9 form" used to initiate a written appeal to the Warden and conceded that, aside from "informal" attempts to resolve his claims (which is the first step in the process), the record failed to demonstrate that he had utilized all four steps of the BOP administrative process. As relevant here, the R&R rejected petitioner's assertions that, despite these concessions, the appeal forms might have been unavailable to him (and that exhaustion should be excused) because those assertions were "conclusory allegations without any detail or evidence." Dkt. No. 28 at 7.

The same conclusion holds true now. Petitioner claims in his objections, again in wholly conclusory terms, that he exhausted, or began to exhaust, his administrative remedies. Dkt. No. 29. And in the same paragraph of argument, petitioner appears to claim that it was not his fault that he failed to fully exhaust. *See id*. In petitioner's view, the BOP should have done more to help him navigate the process. *See id*.

Neither this argument, nor the two exhibits that petitioner has offered in support of it, are sufficient to create a fact question on the issue of exhaustion or, relatedly, waiver.[1] As before, petitioner's objections fail to identify the kind of details that might support a finding that the exhaustion requirement was fully met or should be excused—such as basic information about the

---

[1] For instance, petitioner attached a letter from the BOP dated December 19, 2024. Aside from the fact that this BOP letter post-dates his § 2241 petition, which was filed on August 8, 2022, this letter instructs plaintiff to "utilize the administrative remedy process" if he is unsatisfied with the letter's conclusion. Thus, this filing does not tend to show exhaustion or attempted exhaustion of the claims in the petition, either.

- 4 -

time, place, or frequency with which some identifiable prison official failed to, or refused to, supply petitioner with the forms necessary to pursue his claims beyond the "informal" step.

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 28) is ACCEPTED;

2. The petition (Dkt. No. 1) is DENIED and DISMISSED; and

3. No Certificate of Appealability will be issued.

**IT IS SO ORDERED.**

Dated:  June 2, 2025
       Utica, New York.

Anthony J. Brindisi
U.S. District Judge